## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

                                 Civil Action No:
                                 1:12-CV-01015 MV/SCY

v.

JEC ENTERPRISES, INC., d/b/a McDonalds,

        Defendant.

---

## CONSENT DECREE

---

## I. RECITALS

    **1.**       This matter was instituted by Plaintiff, Equal Employment Opportunity

Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States

government, alleging that Defendant, JEC Enterprises, Inc., d/b/a McDonalds ("JEC") subjected

Samantha Collins, Teneka Templeton and a class of similarly situated females employees to

sexual harassment by supervisory and managerial officials of JEC, including but not limited to,

verbal sexual harassment and unwelcome physical touching which created a hostile work

environment for them because of their sex, female. The Commission further alleged that the sex

harassment and failure of the employer to promptly correct the unlawful employment practices

caused members of the class of females to be constructively discharged. Defendant JEC

Enterprises, Inc. denies each of these allegations.

2.      The Parties to this Decree are the Plaintiff EEOC and the Defendant JEC Enterprises, Inc., ("Defendant" or "JEC").

3.      The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

4.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5.      For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II. JURISDICTION

6.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III. TERM AND SCOPE

7.      **Term:**  The duration of this Decree shall be two (2) years from the date of entry.

8.      **Scope:** The terms of this Decree shall apply to the JEC owned McDonald's Restaurant located at 6300 San Mateo Blvd. NE in Albuquerque, New Mexico. Paragraphs 20, 21, 22, 23 and 24 of the Decree regarding policy implementation, policy distribution, training, and posting will also apply to any additional McDonald's restaurants JEC operates in Albuquerque, New Mexico during the term of the Decree.

## IV.    ISSUES RESOLVED

9.      This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII  that arise from Charge of Discrimination Numbers 543-2011-00282 and 543-2011-00368, filed by Samantha Collins and Teneka Templeton.

10.      Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## V.      MONETARY RELIEF

11.      Judgment is hereby entered in favor of the Commission and against Defendant in the amount of $200,000.00.

12.      Defendant will not condition the receipt of individual relief upon Charging Parties Samantha Collins and Teneka Templeton or the class of aggrieved females' agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive his or her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of JEC's facilities.

13.      To resolve these claims, Defendant shall pay a total of $200,000.00, allocated as compensatory damages as follows:

| | |
|---|---|
| Charging Party Samantha Collins | $70,000.00 |
| Charging Party Teneka Templeton | $30,000.00 |
| Class Member Alma Gallegos | $45,000.00 |
| Class Member Amanda Hastings | $55,000.00 |

**13.1.   EEOC Discretion to Allocate Relief.** EEOC retains the sole discretion to

determine allocations of monetary relief to Charging Parties and Class Members or Aggrieved Individuals pursuant to this Decree.

    **13.2.   Releases.**  In order to receive a settlement payment pursuant to this Decree, the Charging Parties and Class Members or Aggrieved Individuals must sign a Release in the form attached as Exhibit A, and return the signed Release to EEOC by the acceptance deadline established by EEOC. Charging Parties or Aggrieved Individuals who fail to timely return the signed Release may be deemed to have rejected the settlement amount designated for their claims and will not be entitled to receive any payment from the settlement fund.

    **14.**   The payments required under this Decree shall be mailed to the payee(s) within forty-five (45) business days after the Court's entry of this Decree, and mailed to the Charging Parties and Class Members or Aggrieved Individuals at addresses provided by the EEOC.

    **15.**   Within three (3) business days after payments are mailed to payees, Defendant shall submit to EEOC a copy of the checks issued.

## VI.   OTHER INDIVIDUAL RELIEF

    **16.**   Within ten (10) business days after entry of this Decree, Defendant shall remove from the Charging Parties and Class Members or Aggrieved Individuals' personnel files (a) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; and (b) any and all references to their participation in this action. Defendant may maintain these documents in a segregated confidential file accessible only to those who have a need to access such information.

    **17.**   Within ten (10) business days after entry of this Decree, Defendant shall provide a letter of regret to Charging Parties and Class Members or Aggrieved Individuals on company

letterhead in the form attached as Exhibit B.

## VII.  EQUITABLE RELIEF

### A.     *Injunctive Relief*

18.     Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are permanently enjoined from engaging in any employment practice which discriminates on the basis of sex, including but not limited to sexual harassment.

19.     Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended. Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of these statutes. Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendant retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

### B.     *EEO Policy Review*

20.     Within sixty (60) days of the entry of this Decree, the Defendant shall review, revise, if necessary and redistribute any existing EEO policies, including any policies concerning

harassment based on sex.

**21.**     The written EEO policies must include at a minimum:

**21.1.**     A strong and clear commitment to preventing unlawful sex discrimination, including, but limited to sexual harassment, and retaliation;

**21.2.**     A clear and complete definition of disparate treatment based on sex and retaliation;

**21.3.**     A statement that discrimination based on sex, including but limited to sexual harassment, and retaliation is prohibited and will not be tolerated;

**21.4.**     A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

**21.5.**     The identification of specific Store Managers, the Director of Operations, and the Company President responsible for receiving complaints of discrimination, including telephone numbers, for these responsible persons to whom employees can report their concerns about discrimination, harassment, or retaliation.

**21.6.**     A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

**21.7.**     An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable.

**21.8.**     An assurance that appropriate corrective action will be taken by Defendant to make victims whole and to eradicate the unlawful conduct within its workforce;

**21.9.**     A description of the consequences, up to and including termination, that will be

imposed upon violators of Defendant's anti-discrimination policies;

**21.10.** An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

**22.** Within thirty (30) days after completion of the policy review required under Paragraphs 20 and 21 above, the written EEO policies shall be posted in a prominent location frequented by employees, at Defendant's facilities in Albuquerque, New Mexico and distributed to each current employee in writing and by email. The written EEO policies shall be distributed in writing and by email to all new employees when hired. Defendant shall make the written EEO policies available in alternative formats as necessary for persons with cognitive and print disabilities that may prevent them from reading the policies.

**C.** *Training*

**23.** Within ninety (90 ) days of entry of this Decree and annually during the term of this Decree all employees, including all supervisors, managers, lead employees, and line employees at all locations owned and operated by JEC in Albuquerque, New Mexico shall receive at least  three (3) hours of training on sex discrimination, unlawful harassment and retaliation, including the following areas:  (a) the Defendant's policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination or harassment; (c) the penalties of engaging in discriminatory behavior; and (d) Defendant's non-retaliation policy. Any newly hired crew or line employees at the San Mateo/Academy store during the term of this Decree who have not otherwise received training as required under this Paragraph 23 shall receive at least 1.5 hours of on-line training on sex

discrimination, unlawful harassment retaliation and the Defendant's reporting procedures. All training under this Paragraph 23 shall be at Defendant's selection and expense.  Training may be by live presentation, online interactive training, and/or computer training, or any combination of the foregoing.

23.1.    **Managerial and Supervisory Employees**: In addition to attendance at the employee training required in Paragraph 23 Defendant will also require all individuals who are employed, hired or promoted into Store Manager and Operations Manager positions for the duration of this Decree at any JEC owned or operated store in Albuquerque, New Mexico to receive at least 1.5 hours of training annually during the term of this Decree in proper techniques for investigating complaints of sex discrimination, unlawful harassment and retaliation. The training under this Paragraph 23.1 must be provided by outside vendors.

23.2.    **Train the Trainers:** Any employee given responsibility for training other employees under Paragraph 23 above will be provided at least two (2) additional hours of training on the materials to be presented and the proper techniques for teaching the materials. The training under this Paragraph 23.2 must be provided by outside vendors.

23.3.    Defendant agrees that all of its personnel shall both register and attend the training sessions required under Paragraph 23. Personnel who unavoidably fail to register for and attend a training session shall be provided online training of comparable duration and depth on the same subjects, which may at the Defendant's option consist of viewing a recording of a live training session of Defendant's employees. Defendant shall provide EEOC a register of attendance at these comparable substitute trainings in accord with Paragraph 31.3.1 of this Decree.

**23.4.**    The Commission, at its discretion, may designate a Commission representative to attend any of the training sessions described above. Defendant shall provide the Commission with thirty (30) days notice that a training session will be conducted, or alternatively, Defendant may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient. The Commission shall provide Defendant at least fourteen (14) days notice of the Commission's election to have a representative attend any training session held pursuant to this Decree.

**D.      Notice Posting**

**24.**    Within five (5) business days after the Court's entry of this Decree, Defendant shall post in each of its stores, in a conspicuous place frequented by employees, the Notice attached as Exhibit C to this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit C. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

**E.      Individuals Ineligible for Rehire and Individuals Subject to Discipline**

**25.**    Defendant agrees that it shall never rehire Michael Michalski at any of Defendant's facilities in the United States. To assure that Michael Michalski is never rehired by Defendant, Defendant will place a document on the top of Michael Michalski's personnel files that reads in bold, "Not Eligible for Rehire at any Facility in the United States." This document shall be signed by Defendant's President, James Cantrall, and dated. If Defendant maintains any

computerized personnel file for Michael Michalski, such computerized file must also be annotated to reflect that they are not eligible for rehire.

26.    Defendant agrees that if Taylor Brandenburg is ever rehired by Defendant, Brandenburg shall be issued a letter of warning within ten (10) days of rehire. The letter of warning to Taylor Brandenburg shall state that allegations of unlawful harassment have previously been made because of his alleged conduct and he is being placed on notice that allegations of similar conduct in the future may result in discipline up to and including discharge.

27.    Defendant agrees that if Raul Alejandre remains employed by Defendant at any of Defendant's restaurant facilities in the United States during the term of this Decree, Defendant shall within ten (10) days of  entry of this Decree, issue a letter of warning to Alejandre stating that allegations of unlawful harassment have previously been made because of his alleged conduct and he is being placed on notice that allegations of similar conduct in the future may result in discipline up to and including discharge.

## F.    *EEO Compliance as a Component of Management Evaluation*

28.    Defendant shall, within sixty (60) days of the entry of this Consent Decree, and at least continuously for the duration of this Decree, incorporate in its supervisory and management evaluation and compensation system EEO compliance, compliance with policies and laws prohibiting retaliation, and compliance with this Decree as factors which shall be used to evaluate all managerial employees, including but not limited to all managers, co-managers, assistant managers, and district or regional managers responsible for JEC facilities in the State of New Mexico.  Defendant shall also, within sixty (60) days of the Court's entry of this Decree, and at least continuously for the duration of this Decree, advise Defendant's managerial officials

that the amount of monetary bonuses these managers may be eligible for during the duration of this Decree are subject to reductions based on established non-compliance with EEO policies and procedures, policies and laws prohibiting retaliation, and this Decree.

## VIII.  RECORD KEEPING AND REPORTING PROVISIONS

29.     For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree, including, but not limited to, all of the following:

**29.1.**   Applications;

**29.2.**   Personnel files;

**29.3.**   Payroll records;

**29.4.**   Job Postings;

**29.5.**   Work schedules;

**29.6.**   Complaints of discrimination and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken;

30.     Defendant shall provide semi-annual reports for each six month period following the entry of this Decree.  The reports shall be due thirty (30) days following the respective six-month period, except the final report which shall be submitted to the Commission six weeks prior to the date on which the Consent Decree is to expire.

31.     **Reporting Requirements:**  Each report shall provide the following information:

**31.1. Reports of Discrimination**

**31.1.1.** For purposes of this Paragraph 31.1, the term "report of discrimination" will

include any written or verbal complaint made to a manager or of which a manager is aware which alleges discrimination, or the witnessing of discrimination, based on sex even if such terminology is not used by the complainant. The complainant need not invoke the terms "discrimination," "Title VII," "disparate treatment," "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of discrimination.

   **31.1.2.** The report will include:

   **31.1.2.1.**      The name, address, email address, and telephone number of each person making a complaint of sex discrimination to Defendant;

   **31.1.2.2.**      A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

   **31.1.3.** Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof shall be made available to EEOC for inspection upon reasonable notice.

   **31.2.   Complaints of Retaliation**

   **31.2.1.** For purposes of this Paragraph 31.2, the term "complaint of retaliation" will include any written or verbal complaint which alleges retaliation for activity that is protected under Title VII, or alleges retaliation for conduct which the Defendant recognizes or should have recognized as protected activity under any of those statutes even if the complainant does not use

legal or technical terminology.

**31.2.2.** The report shall include:

**31.2.2.1.**     The name, address, email address, and telephone number of each person making a complaint of retaliation to Defendant.

**31.2.2.2.**     A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

**31.2.3.** Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof shall be made available to EEOC for inspection upon reasonable notice.

**31.3.   Training**

**31.3.1.** For each training program required under Paragraph 23, and conducted during the reporting period, Defendant shall submit a registry of attendance.

**31.3.2.** For each training program required under Paragraphs 23.1 and 23.2, and completed during the reporting period, Defendant shall provide a certificate of completion.

**31.3.3.** For each training program conducted by Defendant's staff, Defendant will provide the following information:  (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; (c) the name of each trainer and a summary of his or her qualifications.

**31.3.4.** For each training program conducted by an outside consultant or vendor not affiliated with Defendant, Defendant will identify the consultant and/or vendor and provide a

copy of the program agenda.

 **31.4.**  **Posting of Notice**:  Defendant shall recertify to the Commission that the Notice required to be posted under Section VII.D. of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

 **31.5.**  **Policy Review**:  Defendant shall report any changes to the EEO policy required under Paragraphs 20-21 above and provide copies of any revised policies.

 **31.6.**  **Letters of Regret:**  Defendant's first report under this provision shall include copies of the Letters of Regret sent to Charging Parties and Class Members or Aggrieved Individuals pursuant to Paragraph 17, above.

## IX. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

 **32.**  This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

 **33.**  There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

 **34.**  The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

 **35.**  Absent extension, this Decree shall expire by its own terms at the end of the 24th month from the date of entry without further action by the Parties.

## X.  EEOC AUTHORITY

36.    With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## XI.  COSTS AND ATTORNEY'S FEES

37.    Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII.  NOTICE

38.    Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

For Plaintiff:                          For Defendant

Loretta Medina
Senior Trial Attorney                   Robert Tinnin
EEOC Albuquerque Area Office            Tinnin Law Firm
505 Marquette NW, Suite 900             500 Marquette NW Suite 1300
Albuquerque, NM 87102                   303 E 17th Avenue, Suite 410
                                         Albuquerque, NM  87102
(505) 248-5230
                                        (505) 768-1500

## XIII.  SIGNATURES

**39.**     The parties agree to the entry of this Decree subject to final approval by the Court.


SO ORDERED this 29th day of August, 2014.


                         BY THE COURT:


                         _____
                         MARTHA VÁZQUEZ
                         United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

By: _____
    Mary Jo O'Neill
    Regional Attorney

Date: _____

JEC ENTERPRISES, INC.,

By: _____
    James Cantrall
    President

Date: _____


APPROVED AS TO FORM:

_____
Loretta Medina
Senior Trial Attorney
EEOC Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, NM 87102
Attorneys for Plaintiff EEOC

_____
Robert Tinnin
TINNIN LAW FIRM
500 Marquette NW, Suite 1300
Albuquerque, NM 87102
Attorneys for Defendant

## EXHIBIT A

### CLASS MEMBER RELEASE

In consideration for $_____ paid to me by JEC Enterprises, Inc., d/b/a McDonalds, in connection with the resolution of *EEOC v. JEC Enterprises, Inc., d/b/a McDonalds*, Civil Action No. 1:12-cv-01015 MV/SCY(D.NM), I waive my right to recover for any claims of sex discrimination arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, that I had against JEC Enterprises, Inc., prior to the date of this release and that were included in the Title VII sex discrimination claims alleged in EEOC's complaint in *EEOC v. JEC Enterprises, Inc., d/b/a McDonalds*, Civil Action No. 1:12-cv-01015 MV/SCY in the United States District Court for the District of New Mexico.

Date: _____        Signature: _____

**EXHIBIT B (Letter of Regret)**

RE:    JEC Enterprises, Inc., d/b/a McDonalds, CIV 1:12-cv-01015 MV/SCY (D.NM).

Dear        :

I wish to express my sincere regret that you found your experience, while employed at JEC, to be offensive and hostile to women.

Sincerely,

_____

JEC Enterprises, Inc.,
d/b/a McDonalds
James Cantrall

**EXHIBIT C**

**NOTICE**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in EEOC v. JEC Enterprises, Inc., d/b/a McDonalds ("JEC") filed in the United States District Court for the District of New Mexico, Civil Action No. 1:12-cv-01015 MV/SCY.

Management of JEC wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices. JEC seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability. This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to Title VII, it is unlawful for an employer to discriminate based upon the sex of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability or religion, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

JEC respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, JEC reaffirms its commitment to complying with the strictures of Title VII, in that it is our policy to prohibit all discrimination based on sex.

Specifically, JEC will not tolerate any form of harassment based on sex, including verbal sexual harassment such as sexual jokes, comments, innuendo and physical sexual harassment such as any unwanted touching of the body.

Any employee who believes he/she has been subjected to any forms of sex discrimination is encouraged to contact JEC President, James Cantrall, Operation Manager, Dean Cantrall or the Manager of the Store to which they are assigned at the following contact numbers: [Insert contact numbers].

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, no official at JEC will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of two (2) years.

JEC Enterprises, Inc., d/b/a McDonalds

By:_____ _____ _____ _____    _____ _____ _____
                                                 Date